**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Leonardo MOLINA–CUARTAS,**
**Defendant–Appellant.**

**No. 90–2292.**

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 1991.

Submitted on the briefs: *

William L. Lutz, U.S. Atty., and Louis E. Valencia, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff-appellee.

Richard C. Cauble, Las Cruces, N.M., for defendant-appellant.

Before HOLLOWAY and BRORBY, Circuit Judges, and KANE,** District Judge.

BRORBY, Circuit Judge.

Mr. Molina–Cuartas (Defendant) appeals his criminal sentence alleging the trial court erred by using unreliable information for sentencing purposes. All issues revolve around the weight of the contraband. We hold the sentencing court's finding of weight was supported by a preponderance of the evidence and affirm.

Defendant pleaded guilty to possession with intent to distribute less than fifty kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2. Section 2D1.1 of the Sentencing Guidelines ascribes an offense level of 20 to possession of over forty kilograms of marijuana

and an offense level of 18 if less than forty. A presentence report prepared by the probation office listed the gross weight of the marijuana as 43.55 kilograms (96 pounds) and the net weight of the marijuana as 41.45 kilograms (91.2 pounds).[1] In determining the net weight, the probation office reduced the gross weight by five per cent to account for packaging. Defendant requested the court hold an evidentiary hearing to more accurately determine the net weight of the marijuana believing it to be less than forty kilograms. The district court held a hearing, affirmed the presentence report and imposed sentence based on calculation of net weight as described in the presentence report.

When the Government confiscated the marijuana from Defendant, the DEA officer weighed thirty-eight bundles of marijuana wrapped in plastic wrap at the Border Patrol office and again at the DEA office. At both places the gross weight of the marijuana was 43.55 kilograms (96 pounds). The marijuana was then stored in a bunker facility at the White Sands Missile Range.

Before sentencing, Defendant asked that the marijuana be reweighed to determine its exact net weight.[2] Defendant's witness at the reweighing testified that a total of thirty-six bundles were weighed. At the reweighing, the gross weight of the marijuana was 37.01 kilograms (81.6 pounds). An estimate of the wrapping was obtained by taking an average sized bundle and weighing it, weighing the wrapping and then multiplying by the total number of bundles. This amount was then subtracted from the gross weight taken at the reweighing. At that time, and based upon this procedure, the net weight of the marijuana was 35.7 kilograms (approximately 79 pounds).

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

** The Honorable John L. Kane, United States District Judge for the District of Colorado, sitting by designation.

1. To calculate the number of kilograms in a pound of marijuana multiply the number of pounds of marijuana by .4536.

2. The 247 grams which had been extracted for analysis was calculated into the determination of net weight.

Because of the discrepancies between the two weights, the court held an evidentiary hearing to determine the net weight of the marijuana for sentencing purposes. At the evidentiary hearing, a DEA agent testified both scales used at the time of seizure were certified by the Bureau of Standards. The agent also testified plastic wrap is a light-weight marijuana packaging material. The bulk evidence custodian at the White Sands Missile Range facility testified that based on his personal knowledge, marijuana stored in that facility loses some of its weight due to dehydration. He testified he had been the bulk drug evidence custodian for the past twelve months. During that time he was responsible for evidence in over 200 cases and at one time had eight tons of marijuana in his possession. He also testified that during the summer the average temperature in the facility ranges from 80 to over 90 degrees. The inventory control procedure at the facility requires him to weigh marijuana when it comes into his custody and again when it is removed to be destroyed. He is then able to compare those weights. He has seen even dry marijuana lose weight during storage but has never known marijuana to gain weight during its storage in the facility. In his opinion, a ten pound loss from a 96–pound seizure stored in that facility over the summer months would not be inconsistent with his comparison data.

At the hearing, Defendant argued: (1) the reweighing calculation was the only reliable evidence of the net weight of the marijuana; (2) the Government's calculation resulting in net weight in excess of forty kilograms was based on estimates and extrapolation; (3) the five per cent estimate of wrapping was an arbitrary number resulting in a weight in excess of forty kilograms; (4) where the net weight is only 1.45 kilograms over the cut-off he was entitled to the benefit of the doubt where the figure was based on speculation; and (5) the Government had the burden to establish the weight of the marijuana, yet it brought no expert testimony to substantiate its claim the marijuana lost weight due to dehydration.

The Government contended Defendant made no showing the original weight was inaccurate. It further argued the DEA agent's testimony regarding loss of weight due to dehydration was based on his personal knowledge and experience as bulk custodian. The Government attacked defense counsel's estimate of net weight which was based on dehydrated weight rather than the weight at the time the marijuana was seized. The Government asserted it did not demonstrate weight in this case by extrapolation but by actual measurement at the time of seizure.

The trial court affirmed the presentence report as to the weight of the marijuana based on the original weight calculation. The court found the first weighing was probably accurate as two weights taken on different scales yielded the same results. The court further found the estimate of five per cent of the gross weight for this type of packaging would be a reasonable figure. The court found the reweighing unreliable because all the bundles were not reweighed, and it was satisfied the marijuana was bound to lose some weight through dehydration during storage. Ultimately, however, the court based its finding on the fact the two original measurements were consistent and disregarded the testimony concerning weight loss due to dehydration. Thus, the trial court found the marijuana to have a net weight of 41.45 kilograms (91.2 pounds)—a net weight in excess of the forty kilograms cut-off. The trial court then imposed sentence based on this finding.

Defendant appeals asserting the trial court erred by using unreliable information as its basis for finding the net weight of the marijuana exceeded forty kilograms. By basing its sentence on unreliable information, Defendant claims the trial court violated his due process rights in sentencing. Defendant asserts as error: (1) the weight relied on by the trial judge did not calculate net weight and the court should have used the calculation done at the reweighing; (2) the Government based its weight calculation on extrapolations and speculations unsubstantiated by expert testimony; and (3) the Government claims two

bundles were missing from the reweighing without explaining their whereabouts. He contends evidence of net weight was presented at the evidentiary hearing and the judge should have used this weight. The net weight evidence presented at the evidentiary hearing was below the statutory cut-off of forty kilograms and would have resulted in an offense level two levels below that used by the trial court.

At issue in this case is the proper net weight of marijuana to be used for sentencing purposes. The trial judge used the original gross weight reduced by five per cent for packaging material. The Defendant claims the judge should have used the gross weight measured at the reweighing reduced by an estimate of the packaging materials.

■ The district court's factual findings concerning the amount of drugs involved in the Defendant's conduct are reviewed for clear error. *United States v. Padilla*, 947 F.2d 893 (10th Cir.1991). We do not find the district court's reliance on the initial weight less five per cent for packaging clearly erroneous.

■ In order to impose a sentence based on a quantity of drugs, the trial court's factual findings must be determined by a preponderance of the evidence. *United States v. Shewmaker*, 936 F.2d 1124, 1129 (10th Cir.1991), *petition for cert. filed* (U.S. Sept. 23, 1991) (No. 91–5922); *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). If given several plausible estimates as to replicated quantities of drugs, the quantity determined by the district court must rest on the preponderance of the evidence. *United States v. Reid*, 911 F.2d 1456, 1462 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).

The district court determined the net weight by subtracting five per cent from the gross weight of the marijuana measured at the time it was seized. The Government introduced evidence this original gross weight was accurate. Two identical weights were measured on two differ-

ent scales at the time the marijuana was seized. Both scales used were calibrated. Thus, the original gross weight of the marijuana has been determined by a preponderance of the evidence. The Government then brought forth testimony that plastic wrap is a light-weight marijuana packaging material. Based on this testimony, the five per cent reduction in weight for packaging seems reasonably related to the type of packaging used on the marijuana.

Notwithstanding the Government's evidence, Defendant claims the trial court should have relied upon the evidence he presented at the evidentiary hearing, namely, the estimate of packaging materials based on the weight of some of the actual packaging material. Testimony differed as to the net weight of the marijuana based on these figures. The lowest net weight testified to was 35.34 kilograms (77.9 pounds). This was determined from a gross weight of 37.01 kilograms (81.6 pounds) and therefore represented a reduction of 1.67 kilograms (3.7 pounds), or 4.5 per cent, for packaging. Although only thirty-six bundles were reweighed, the estimates for the packaging were calculated based on thirty-eight bundles. A five per cent reduction for packaging would have resulted in a 1.85 kilograms (4.08 pounds) reduction. Thus, a five per cent reduction is reasonable based on a preponderance of the evidence.

Even using Defendant's estimates, a reduction of the gross weight for packaging results in a net weight in excess of forty kilograms: if 1.67 kilograms were subtracted from the more reliable gross weight measured at the time the DEA agents seized the marijuana, the net weight would be 41.67 kilograms—still in excess of forty kilograms. Therefore, the finding that the original marijuana gross weight reduced by five per cent to account for packaging results in a net weight in excess of forty kilograms is substantiated by a preponderance of the evidence.

■ Furthermore, the Government presented evidence the reweight measurements offered by the Defendant were unre-

liable. The marijuana was reweighed on October 10, 1990 after having been stored in the facility over the summer. At the reweighing, the agents calculated the net weight of the marijuana by subtracting the weight of the packaging materials from the gross weight as determined at the reweighing. The Government presented the bulk custodian's testimony that he had observed marijuana lose weight when stored in the facility during the summer. Furthermore, Defendant's own witness testified only thirty-six of thirty-eight bundles were reweighed. Based on the evidence that not all the bundles were reweighed and that marijuana could lose weight through dehydration, the trial court determined the reweight calculations were not reliable. This finding is supported by a preponderance of the evidence and hence is not clearly erroneous.[3]

In *United States v. Donaldson*, 915 F.2d 612, 614 (10th Cir.1990), we affirmed the district court's determination of a quantity of marijuana. In that case, both sides presented evidence as to the weight of the marijuana. The district court agreed with the Government's weight assessment. We upheld the district court's findings where we were not "left with the definite and firm conviction that a mistake was made." *Id.* We come to the same conclusion based on the facts of this case.

Defendant contends the trial court improperly considered evidence of dehydration where the evidence derived from the Government's own agent and where the Government proffered no expert testimony on the matter. This argument is unpersuasive.

In *Shewmaker*, the defendant argued the court committed error when quantifying the amount of marijuana involved. After an evidentiary hearing on the issue, the *Shewmaker* court determined an amount based on the presentence report and testimony from an agent who participated in the investigation. The defendant, as in this case, claimed the evidence relied upon by the judge lacked the minimum indicia of reliability and was not sufficient to prove the quantity of marijuana involved. We recognized, however, the judge can consider " 'any reliable source of information.' " *Shewmaker*, 936 F.2d at 1129 (quoting *United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990)).

In *Shewmaker*, agents estimated the quantity of harvested marijuana by extrapolating the density of unharvested marijuana plants left in the field. The agents did not use consistent methods for estimating quantity. This court found the trial court could use these different quantity calculations as they were "sufficiently reliable so as to make a preponderance finding." *Id.* at 1130. We found the quantities were difficult to estimate but the methods used were reasonably related to the conditions surrounding the quantity of marijuana. *Id.*

In the evidentiary hearing in the present case, the Government established the knowledge and experience of the bulk evidence custodian through testimony. He testified based on his experience marijuana lost weight when stored in the facility. This testimony was reasonably related to the conditions surrounding the quantity of marijuana. We find this testimony "sufficiently reliable so as to make a preponderance finding." *Id.*[4]

 Finally, we are greatly disturbed, as is the Defendant, about the two missing bundles of marijuana. The Government has brought forth no concrete explanation for their disappearance. We find this careless disregard for evidence preservation deplorable and suggest to the Government it should not allow this sort of disappearance to be repeated. However, the defendant bears the burden to show bad faith on the

---

**3.** In light of Defendant's proffered packaging *estimates,* Defendant's claim the Government cannot establish the weight of the marijuana through estimates and extrapolation is inaccurate and requires no further discussion.

**4.** Besides, the trial judge did not base his decision on the evidence presented by the drug agent but stated that the court disregarded that evidence when reaching its decision. Defendant's argument is therefore meritless.

part of the Government when evidence is destroyed. *Donaldson,* 915 F.2d at 614. Because the Defendant has not made such a showing our hands are tied.[5]

The factual findings of the trial court upon which sentence was imposed are AFFIRMED.

5. The trial judge was satisfied the missing bun- dles had been sent to the laboratory in Dallas.