2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel RASCON-LARA, aka Roberto Martinez-Martinez,
Defendant-Appellant.
 No. 92-2242.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before LOGAN, ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Defendant Samuel Rascon-Lara appeals his sentence for reentering the United States after having been deported subsequent to a felony conviction, in violation of 8 U.S.C. Sec. 1326(b)(1). He maintains that the district court impermissibly increased his offense level under U.S.S.G. Sec. 2L1.2(b)(2) and that the district court should have applied the rule of lenity in interpreting an ambiguous penalty.
 
 
 2
 Defendant, a Mexican national, was arrested in April 1992 while attempting to enter the country illegally. A fingerprint check confirmed that he had been deported to Mexico in June 1990 following a conviction and three years imprisonment for possession with intent to distribute marijuana. Defendant's presentence report recommended an increase of sixteen offense levels because defendant's 1990 deportation came after he had been convicted of drug trafficking, an aggravated felony. The district court followed that recommendation and determined that defendant's guideline imprisonment range was 78 to 96 months. Defendant was sentenced to the maximum of five years imprisonment permitted under Sec. 1326(b)(1), followed by three years of supervised release. U.S.S.G. Sec. 5G1.1(a).
 
 
 3
 We give due deference to the district court's application of the Sentencing Guidelines to the facts, 18 U.S.C. Sec. 3742(e), but we review its legal determinations de novo. United States v. Shewmaker, 936 F.2d 1124, 1126 (10th Cir.1991).
 
 
 4
 Defendant's offense level was determined under U.S.S.G. Sec. 2L1.2, which covers unlawful entry into the United States. We reproduce it in its entirety.
 
 
 5
 Sec. 2L1.2. Unlawfully Entering or Remaining in the United States
 
 
 6
 (a) Base Offense Level: 8
 
 
 7
 (b) Specific Offense Characteristics
 
 If more than one applies, use the greater:
 
 8
 (1) If the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws, increase by 4 levels.
 
 
 9
 (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.
 
 
 10
 The application notes define aggravated felony to include drug trafficking crimes. Id. comment. (n. 7).
 
 
 11
 Defendant objects to the sixteen level increase because he was charged with violating Sec. 1326(b)(1), which speaks only to reentry following deportation subsequent to conviction for commission of a felony. Reentry following deportation subsequent to conviction for commission of an aggravated felony is covered under Sec. 1326(b)(2). Defendant argues that there must be a direct correspondence between the statute and the guideline, so that a defendant charged under Sec. 1326(b)(1) must be sentenced under Sec. 2L1.2(b)(1). Thus, he argues that the four level increase of Sec. 2L1.2(b)(1) tracks the five year maximum sentence under Sec. 1326(b)(1), and that the sixteen level increase of Sec. 2L1.2(b)(2) tracks the fifteen year maximum sentence under Sec. 1326(b)(2).
 
 
 12
 Defendant's argument disregards the plain language of Sec. 2L1.2(b), which directs that "[i]f more than one [offense characteristic] applies, use the greater." Further, the statutory index indicates that Sec. 2L1.2 in its entirety applies to all offenses under Sec. 1326. Neither the guideline nor the statute are broken out into subsections in the index. U.S.S.G.App.A. The guidelines appear specifically to contemplate a situation in which a defendant is charged under Sec. 1326(b)(1), but is subject to an offense level increase for a previous aggravated felony conviction. This is the only sensible interpretation of the terms of Sec. 2L1.2(b) and the statutory index. Following this reasoning, the Ninth Circuit, in a similar case, held that defendants who were charged with reentry following deportation for a felony conviction but pleaded guilty to simple reentry could have their offense levels increased under Sec. 2L1.2(b)(1) to reflect their felony convictions even though those convictions were not an element of the offense to which they pleaded guilty. See United States v. Arias-Granados, 941 F.2d 996, 998 (9th Cir.1991).
 
 
 13
 Because we find Sec. 2L1.2 to be clear and unambiguous, we have no reason to apply the rule of lenity.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3