9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Alejandro Bustillos-OLAVE, Defendant-Appellee.
 Nos. 92-2085, 92-2086.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before McKAY, Chief Judge, LOGAN and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellees Alejandro and Israel Bustillos-Olave were each indicted, inter alia, on one count of conspiracy to import more than 100 kilograms of marijuana and one count of importing less than fifty kilograms of marijuana. At trial, upon the conclusion of the government's case, the district court concluded that the various instances of drug importation alleged by the government were separate transactions, rather than part of an over-arching conspiracy. Appellees were convicted, and at sentencing the district court set the offense level at eighteen and sentenced Appellees to thirty-three months in prison.
 
 
 3
 The government appeals, arguing that U.S.S.G. 1B1.3(a) provides that the sentencing court must consider all acts that were part of the same scheme. The government therefore argues that the district court should have considered all of the marijuana allegedly imported by Appellees, not just that associated with their conviction.
 
 
 4
 "Whether the transactions involved in the dismissed counts were part of the same course of conduct or common scheme or plan as the count[s] to which defendant[s] [were found] guilty is a fact-intensive inquiry." United States v. Saucedo, 950 F.2d 1508, 1519 (10th Cir.1991) (internal quotation and citation omitted). We therefore review the district court's finding under the clearly erroneous standard. United States v. Shewmaker, 936 F.2d 1124, 1129 (10th Cir.1991). We conclude that the trial court's determination that the various instances of alleged drug importation were not part of a single conspiracy was not clearly erroneous.
 
 
 5
 In light of this conclusion, the government's reliance on U.S.S.G. 1B1.3(a)'s provision that the sentencing court should consider all "acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction," is utterly misplaced. That provision is simply inapplicable to the case at hand. The district court found that the drug importation for which the Appellees were convicted was not part of the same course of conduct as the other instances alleged by the government. Accordingly, we hold that the district court correctly applied the Guidelines.
 
 
 6
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3