**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alexander Joseph MIHALY,
Defendant–Appellant.**

**No. 94–6350.**

United States Court of Appeals,
Tenth Circuit.

Oct. 5, 1995.

Teresa Brown, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant–Appellant.

Alexander Joseph Mihaly, pro se.

Rozia McKinney–Foster, United States Attorney, and Ted A. Richardson, Assistant U.S. Attorney, Oklahoma City, Oklahoma, for Plaintiff–Appellee.

Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.

SEYMOUR, Chief Judge.

Alexander Joseph Mihaly pled guilty to wire and mail fraud but appeals his sentence, claiming that the district court erred by ordering his sentence to run consecutively to previous sentences. The government concedes the district court erroneously held that it did not have discretion to impose a concur-rent sentence and requests a limited remand. We reverse and remand.[1]

In 1993, Mr. Mihaly was indicted in the Central District of Illinois for wire fraud under 18 U.S.C. § 1343, and two counts of mail fraud under 18 U.S.C. § 1341. He committed the offenses while serving an earlier federal sentence. At the time of the indict-ment, he was incarcerated in the federal correctional institution in El Reno, Okla-homa, serving the first of four sentences for prior convictions.[2] Mr. Mihaly signed a Con-sent to Transfer of Case for Plea and Sen-tence pursuant to Fed.R.Crim.P. 20, and the case was transferred to the Western District of Oklahoma. Mr. Mihaly then pled guilty to all three counts. The district court sen-tenced him to 15–month terms of imprison-ment for each offense. Although it ordered the sentences to run concurrently with each other, the court stated that it had "no discre-tion except to run this sentence consecutive to [Mr. Mihaly's previous sentences]." Rec., vol. II at 6.

Mr. Mihaly's counsel represented him throughout the plea process and filed a no-tice of appeal. Counsel has since filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1399, 18 L.Ed.2d 493 (1967), stating her opinion that no meritori-ous issues could be raised on appeal and asking leave to withdraw as counsel. *Anders* requires counsel to file a brief referring to all matters in the record that might reasonably support an appeal. Mr. Mihaly also filed a brief pro se. The only issue on appeal is whether the court erred by stating that it lacked discretion to order the present sen-tences to run concurrently with Mr. Mihaly's previous sentences.

We review de novo the district court's interpretation and application of the sentenc-ing guidelines. *United States v. McAlpine,* 32 F.3d 484, 487–88 (10th Cir.), *cert. de-nied,* ―― U.S. ――, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994). In stating that it was

---

1. After examining the briefs and appellate rec-ord, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Mr. Mihaly's prior sentences are as follows:

Northern District of New York, No. 87–CR–158, imposed February 11, 1988;
Eastern District of Michigan, No. 89–CR–80773–DT, imposed January 18, 1991;
Northern District of New York, No. 93–CR–33–01, imposed October 5, 1993; and
Eastern District of Missouri, No. 94–CR–58–SNL, imposed August 1, 1994.

required to order the sentences to run consecutively to Mr. Mihaly's previous sentences, the district court relied on U.S.S.G. § 5G1.3(a), which provides that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense *shall* be imposed to run *consecutively* to the undischarged term of imprisonment." (emphasis added).

At the sentencing hearing, Mr. Mihaly's counsel urged the court to apply U.S.S.G. § 5G1.3(b), which requires the imposition of concurrent sentences where a defendant is sentenced on separate occasions for crimes stemming from the same course of conduct. *See id.,* comment. n. 2. The district court rejected this argument, and counsel reasserts it on appeal. Subsection 5G1.3(b) is clearly inapplicable here because it specifically does not apply where the current offense was committed while serving a previous sentence. *See* U.S.S.G. § 5G1.3(b) comment. n. 2 (noting that subsection (b) may apply "only if subsection (a) does not apply").

In his pro se brief on appeal, Mr. Mihaly relies upon U.S.S.G. § 5G1.3(c) to support his argument that the district court erred when it held it could not order the current sentence to run concurrently with his previous sentences. Subsection (c) allows a sentencing court to order consecutive sentences "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c). Subsection (c) applies only in those cases where subsections (a) and (b) do not apply. *Id.* comment. n. 3. Because subsection (a) clearly applies, the court could not have used subsection (c) to order the present sentence to run concurrently with the previous sentences.

On appeal, the government now asserts that the district court erred when it stated it lacked discretion to impose a concurrent sentence because 18 U.S.C. § 3584 provides in pertinent part:

**(a) Imposition of concurrent or consecutive terms.**—[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms *may run concurrently or consecutively* ... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

*Id.* (emphasis added). The government notes we have previously recognized the apparent conflict between guideline section 5G1.3(a) and the statute. *See United States v. Shewmaker,* 936 F.2d 1124 (10th Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992). In *Shewmaker,* we held that the guideline is "reconcilable with 18 U.S.C. § 3584(a) because § 5G1.3 does not preclude a court from departing from the Guidelines and sentencing concurrently." 936 F.2d at 1127. We pointed out that even where a particular guideline does not contain provisions for departure, a district court "retains discretion to depart [from the guidelines], subject to review, if it determines that factors relevant to the sentencing have not been addressed adequately by the [g]uidelines." *Id.* This is the standard for a general departure under 18 U.S.C. § 3553(b) and the guidelines.[3] The district court thus clearly possessed discretion to make a general departure from the guidelines and to sentence Mr. Mihaly to concurrent sentences.

We do not ordinarily require a district court imposing consecutive sentences to make a finding that a departure is inappro-

---

**3.** Guideline § 5K2.0 provides:

*Grounds for Departure* (Policy Statement)

Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively

listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the courts. Nonetheless, this subpart seeks to aid the court by identifying some of the factors that the Commission has not been able to take into account fully in formulating the guidelines. Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing court. Similarly, the court may depart from the guidelines, even though the reason for de-

priate. This is so because district courts have become " 'more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines.' " *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994) (quoting *United States v. Barrera–Barron*, 996 F.2d 244, 246 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 358, 126 L.Ed.2d 321 (1993)). Consequently, we will review a decision to sentence consecutively under section 5G1.3 only where "the judge's language unambiguously states that the judge does not believe he has authority" to sentence concurrently. *Id.*

This is such a case. Section 3584 of the statute provides the district court with clear authority to sentence either concurrently or consecutively. Guideline 5G1.3(a), however, definitively states that the district court "shall impose the sentence consecutively to any undischarged term of punishment." *Shewmaker* reconciled these provisions by relying on a district court's general authority to depart. There is no indication in the record below that the court was aware either of 18 U.S.C. § 3584(a) or of *Shewmaker.* We must take at face value the court's unambiguous statement that "I have no discretion except to run this sentence consecutive to those previously announced sentences." Rec., vol. II, at 6. We are thus required to reverse and remand for resentencing.

Although it concedes that the district court could have departed from the mandatory imposition of consecutive sentences, the government asks us to remand this case to the district court merely for clarification of its sentence. Aplee.Br. at 8. Relying upon *United States v. Fox*, 930 F.2d 820 (10th Cir.1991), the government requests that we remand simply to allow the district court to recognize its discretion to depart from section 5G1.3(a).

In *Fox*, however, the record was ambiguous as to whether the court "declined to depart from the guidelines because he felt he had no authority to do so or whether it was because he simply exercised his discretion not to do so." 930 F.2d at 824. Here, the record clearly reveals that the district court

concluded it did not have discretion to order Mr. Mihaly's sentence to run concurrently with his previous sentences. *See* Rec., vol. II at 6. We therefore remand with instructions to consider whether grounds exist to depart from the guidelines. *See United States v. Stewart*, 917 F.2d 970 (6th Cir.1990); *United States v. Rogers*, 897 F.2d 134 (4th Cir.1990). We express no opinion as to whether such a departure may be warranted.

Because counsel's motion to withdraw was based on her belief that Mr. Mihaly had no meritorious arguments on appeal and because the government concedes that the district court committed reversible error, we DENY counsel's motion to withdraw. We REVERSE and REMAND to the district court to VACATE Mr. Mihaly's sentence and resentence him in accordance with this opinion.

---

parture is taken into consideration in the guidelines (*e.g.*, as a specific offense characteristic or other adjustment), if the court deter-

mines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.