**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEVIN JONES,

      Defendant-Appellant.

No. 96-1193
(D.C. No. 95-CR-424-S)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Kevin Jones (Mr. Jones) appeals his sentence entered following his plea of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

guilty to possession with intent to distribute approximately two grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (1994) and 841(b)(1)(C)(iii) (1994).

On appeal, Mr. Jones contends (1) the district court abused its discretion by refusing to depart downward from a criminal history category of VI by sentencing him to the maximum sentence within the applicable guideline range, and in sentencing him consecutively to his undischarged state sentence, and (2) it was plain error for the district court to enhance his offense level two points for possession of a firearm.

Initially, Mr. Jones argues the district court erred in failing to depart downward in setting his criminal history category. In his objections to the presentence report, Mr. Jones asked the court to consider a downward departure from a criminal history category of VI on the grounds that his criminal history was "significantly less serious than that of most defendants in the same criminal history category." However, "[a] discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). "If the record is ambiguous concerning the district court's awareness of its discretion to depart

downward, we presume the court was aware of its authority." *Id*. The record indicates Mr. Jones asked the court to consider a downward departure or, in the alternative, to sentence him at the low end of the guideline range, which would have been approximately equivalent to the midpoint of the applicable guideline range if Mr. Jones' criminal history category had been V rather than VI. Upon review of the record, we presume the court knew of its authority to depart downward; thus we lack jurisdiction to consider this allegation of error.

Mr. Jones also contends the district court abused its discretion in sentencing him to 96 months imprisonment, the maximum sentence under the applicable guideline range of 77-96 months. Although he acknowledges "the Level VI Criminal History Category technically and linguistically applies" to him, he argues the district court impermissibly relied upon his criminal history by sentencing him to the maximum applicable sentence. However, unless the sentencing range exceeds twenty-four months, the district court need not explicitly state its reasons for imposing sentence at a particular point within the applicable guideline range. 18 U.S.C. § 3553(c) (1994); *United States v. Garcia*, 919 F.2d 1478, 1482 (10th Cir. 1990). Therefore, we will not review the reasons underlying a district court's decision to impose a sentence at a particular point within the proper guideline range unless it implicates 18 U.S.C. § 3742(a)(1) or

(2) as illegal or an improper application of the sentencing guidelines, respectively.[1] *Garcia*, 919 F.2d at 1482. Mr. Jones does not contend his sentence at the high end of the guideline range was in violation of the law or an incorrect application of the sentencing guidelines. Therefore, we decline to review this claim.

Next, Mr. Jones asserts the district court abused its discretion in setting his sentence to run consecutively to his undischarged state sentence.[2] At sentencing, the district court mistakenly believed Mr. Jones' federal sentence must run consecutively to his undischarged term in Colorado pursuant to U.S.S.G.

---

[1] 18 U.S.C. § 3742(a) governs a defendant's right to appeal a sentence imposed by a federal court. *Garcia*, 919 F.2d at 1470. It provides that a defendant may appeal a sentence only if it:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range ...; or
> (4) was imposed for an offense for which there is no sentencing guideline ....

18 U.S.C. § 3742(a) (1994). Only subsections (1) and (2) apply to sentences falling within the guidelines.

[2] On October 30, 1995, Mr. Jones was sentenced to four years in the custody of Colorado Department of Corrections on unrelated drug charges. On November 5, 1995, he was arrested on the present charges.

§ 5G1.3(a) (1995).[3]  Although § 5G1.3(a) mandates consecutive sentences in this case, 18 U.S.C. § 3584(a) (1994) provides "the terms may run concurrently or consecutively."  We previously recognized this conflict between the sentencing guidelines and the statute in *United States v. Shewmaker*, 936 F.2d 1124 (10th Cir. 1991), *cert. denied*, 502 U.S. 1037 (1992).  "In *Shewmaker*, we held that the guideline is 'reconcilable with 18 U.S.C. § 3584(a) because § 5G1.3 does not preclude a court from departing from the Guidelines and sentencing concurrently.'"  *United States v. Mihaly*, 67 F.3d 894, 896 (10th Cir. 1995) (quoting *Shewmaker*, 936 F.2d at 1127).  Thus, the district court possessed discretion to sentence Mr. Jones to concurrent sentences and the court's statements to the contrary were clear error.  However, the error was harmless and no remand for resentencing is necessary, because the court made it clear it did not believe in "twofers" and would sentence Mr. Jones consecutively in any event. *See United States v. Medina-Estrada*, 81 F.3d 981, 987 (10th Cir. 1996) (no remand necessary when court made it clear at sentencing that sentence would be the same regardless of the error).  The district court stated the state crime "was a totally separate and distinct criminal incident to the one here involved....  He was

_____

[3] U.S.S.G. § 5G1.3(a) provides:  "If the instant offense was committed ... after sentencing for, but before commencing service of, [an undischarged] term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."

sentenced for that [state] crime.  I see no reason whatsoever that he should be given a concurrent sentence for that and this."  Any other result in this situation would be a waste of judicial resources.

Finally, Mr. Jones argues the district court erred in enhancing his offense level for possession of a firearm by two points, pursuant to U.S.S.G. § 2D1.1(b)(1).  Mr. Jones admits he failed to object to the enhancement in the district court.  Therefore, we review solely for plain error.  *United States v. Richardson*, 86 F.3d 1537, 1554 (10th Cir.), *cert. denied*, 117 S. Ct. 588 (1996).  Whether Mr. Jones possessed a firearm within the meaning of § 2D1.1(b)(1) is a question of fact.  *See United States v. Earls*, 42 F.3d 1321, 1326 (10th Cir. 1994) (district court's factual finding defendant possessed a firearm within the meaning of § 2D1.1(b)(1) not clearly erroneous), *cert. denied*, 115 S. Ct. 1800 (1995).  "'[f]actual disputes do not rise to the level of plain error.'"  *Richardson,* 86 F.3d at 1554 (quoting *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994), *cert.*

*denied*, 115 S. Ct. 1117 (1995)).  Therefore, Mr. Jones' argument must fail.[4]


**AFFIRMED.**


**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge

---

[4]  We note that in his plea agreement, Mr. Jones stipulated the passenger in the vehicle with him at the time of his arrest had a firearm in his possession which the passenger placed under the seat of the car when the law enforcement officers stopped them, and that the officers found a .38 caliber pistol in the trunk of the vehicle.  In addition, Mr. Jones stipulated to the two-level enhancement pursuant to § 2D1.1(b)(1).