**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 18 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT J. SHEWMAKER, SR.,

    Defendant - Appellant.

No. 02-3151
D.C. Nos. 01-CV-3265-RDR
and 89-CR-40038-01-RDR
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **HARTZ**, Circuit Judges.

    Robert J. Shewmaker, Sr., filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Shewmaker contends that his sentence violates his rights as set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Because the right established in <u>Apprendi</u> is not retroactively

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

applicable to cases on collateral review, we DENY a certificate of appealability and DISMISS this appeal.

On March 13, 1990, Shewmaker pled guilty to various marijuana conspiracy charges. (Aplt. Br. at 1.) At sentencing, the district court conducted an evidentiary hearing to ascertain the amount of marijuana involved in the conspiracy. United States v. Shewmaker, 936 F.2d 1124, 1129 (10th Cir. 1991). Under a preponderance of the evidence standard, it determined the quantity to be 74,110 plants, placing the defendant's base offense level at 34. Id. This determination was affirmed on appeal by the Tenth Circuit. Id. On September 18, 1991, the district court sentenced Shewmaker to 240 months imprisonment. (ROA, Doc. 398.)

In his habeas petition, Shewmaker contends that the Supreme Court announced a new right in Apprendi that is retroactively applicable to his case on collateral review. He asserts that his sentence was illegal because the amount of marijuana involved in the conspiracy was calculated by the district court under a preponderance of the evidence standard, while Apprendi requires that a jury must find beyond a reasonable doubt any facts that increase the penalty for a crime beyond the statutory maximum. Shewmaker also asserts that his counsel was ineffective for failing to challenge this aspect of the sentencing proceedings.

Applying the framework of Teague v. Lane, 489 U.S. 288 (1989), which governs the applicability of new rules of constitutional law to claims made in initial habeas petitions, the Tenth Circuit has recently held that "*Apprendi* is not a watershed decision and hence is not retroactively applicable to initial habeas petitions." United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002); see also United States v. Brown, __ F.3d __, 2002 WL 2027346, at *5 (5th Cir. Sept. 5, 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001); United States v. Sanders, 247 F.3d 139, 147-48 (4th Cir. 2001); United States v. Moss, 252 F.3d 993, 997-1000 (8th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1237-38 (9th Cir. 2000). Because the rule announced in Apprendi is not retroactively applicable to cases on collateral review, Shewmaker's petition must be dismissed.[1]

Shewmaker's claim of ineffective assistance of counsel is likewise barred because it was not brought within one year of his final conviction, 28 U.S.C. § 2255(1), nor is it a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001) (rejecting petitioner's claim that his

---

[1]Shewmaker relies on United States v. Jones, 235 F.3d 1231 (10th Cir. 2000), to support his argument. That case is inapplicable because Jones challenged his conviction and sentence under Apprendi on direct appeal, not on collateral review. Jones, 235 F.3d at 1235.

counsel was ineffective because he failed to raise an <u>Apprendi</u> challenge to petitioner's sentence prior to the Supreme Court's decision in <u>Apprendi</u>); <u>Collins v. United States</u>, 2001 WL 699058, at *6 (D. Kan. June 11, 2001) (same).

Because none of Shewmaker's habeas claims can be collaterally reviewed, we DENY a certificate of appealability and DISMISS this appeal.  <u>See</u> 28 U.S.C. § 2253(c)(1); <u>Fed. R. App. P.</u> 22(b).[2]

                                  ENTERED FOR THE COURT

                                  David M. Ebel
                                  Circuit Judge

---

[2]Because we deny a certificate of appealability, Shewmaker's arguments that the district court improperly decided his Rule 59(e) and 60(b) motions are moot.