**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey L. KINNEY, Defendant–Appellant.**

**No. 90–3037.**

United States Court of Appeals, Tenth Circuit.

Oct. 17, 1990.

Marilyn M. Trubey, Asst. Federal Public Defender (Charles D. Anderson, Federal

---

Public Defender, with her, on the brief), Topeka, Kan., for defendant-appellant.

Richard Hathaway, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., and Kurt J. Shernuk, Asst. U.S. Atty., on the brief), Topeka, Kan., for plaintiff-appellee.

Before LOGAN, McWILLIAMS and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Jeffrey L. Kinney appeals his sentence imposed following his plea of guilty to possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Defendant argues that the district court erred in finding that prior convictions for bank robberies in Nevada and California were unrelated for purposes of three point increases in defendant's criminal history score under the Sentencing Guidelines.

Defendant's argument revolves around his involvement in three bank robberies in 1984. The first occurred on June 7 in Los Angeles, California; the second on June 13 in Fullerton, California; and the third on August 14 in Las Vegas, Nevada. Defendant pleaded guilty to the two California robberies which were consolidated at sentencing. Defendant also pleaded guilty to the Nevada robbery. In determining defendant's criminal history score in the present case, the district court added three points for the California robberies and three more for the Nevada robbery. *See* U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2). Defendant asserts that only three points should have been awarded because all three robberies were "related" cases under U.S.S.G. §§ 4A1.1(a), 4A1.2(a)(2), and Application Note 3 to § 4A1.2. He argues that the three robberies were related because they were part of a single common scheme to obtain money for his drug habit.

U.S.S.G. § 4A1.1(a) provides that the sentencing court should "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month" in determining a defendant's criminal history score. U.S.S.G. § 4A1.2(a)(2) restricts § 4A1.1(a) by providing that " ... [p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." Therefore, whether defendant should have been awarded three or six points turns on the definition of "related cases."

Application Note 3 to U.S.S.G. § 4A1.2 states that "[c]ases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." In this case, the district court treated the two California cases as related because they were consolidated at sentencing. It treated the Nevada case as separate.

■■■ Whether the robberies were related in the circumstances before us is a question of fact. After reviewing the record, we cannot say that the district court's fact finding on this issue is clearly erroneous. *See United States v. Beaulieu,* 893 F.2d 1177, 1181–82 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990) (a district court's determination of factual matters under the U.S.S.G. are reviewed under a clearly erroneous standard). Defendant robbed three separate banks in different locations over a three month period, the last two occurring nearly two months apart and in different states. The only evidence of a common scheme was defendant's own testimony about supporting his drug habit.

Defendant asserts that the California and Nevada cases are related because the sentences were made to run concurrently. Further, defendant argues that if he had sought a transfer of the California cases to Nevada, they would have been consolidated and, therefore, considered related. The fact is they were not consolidated; and a merely concurrent sentence of the same number of years given by a separate jurisdiction at a different date is not consolidation for sentencing as we read the Guidelines.[1] *See United States v. Jones,* 899

---

1. Application Note 3 to U.S.S.G. § 4A1.2 gives support to this conclusion by indicating that had the transfer been made and a combined

sentence been given for the offenses which occurred "on independent occasions separated by arrests," the court should consider upward de-

F.2d 1097, 1101 (11th Cir.1990). We have no difficulty holding that the district court could find that the Nevada robbery was not related to the California robberies.

AFFIRMED.

parture because three points would "not adequately reflect either the seriousness of the defendant's criminal history or the frequency with which he commits crimes."