940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mariano Herbert HERRERA, Defendant-Appellant.
 No. 90-2263.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1991.
 
 Before SEYMOUR and EBEL, Circuit Judges, and MATSCH, District Judge.*
 ORDER AND JUDGEMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mariano Herbert Herrera entered a guilty plea to one count of armed bank robbery and was sentenced under the career offender provisions of the Sentencing Guidelines. He contends on appeal that he should not have been sentenced as a career offender because he does not have the two prior felony convictions required by the relevant Guideline. See Guidelines Sec. 4B1.1(3) (1990). We affirm.
 
 
 3
 The only dispute in this appeal is whether Herrera has two prior convictions under section 4B1.1(3), which requires a defendant to have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Herrera has a 1973 state conviction for residential burglary. He also has a 1984 state court conviction for residential burglary and a 1984 federal court conviction for passing an altered money order. Herrera concedes that the 1973 conviction is countable under section 4B1.1(3),[1] but he contends that the 1984 residential burglary conviction is not countable because the sentence for that offense ran concurrently with the sentence on the federal offense.
 
 
 4
 We are at a loss to perceive how the fact that the sentences on the 1984 convictions were concurrent has any bearing on the requirements of section 4B1.1(3). Section 4B1.2(3)(B) provides that prior felony convictions qualify in determining career offender status if the sentences on those crimes are counted separately. Section 4A1.2(a)(2) states that sentences are counted separately if they are unrelated. Application note 3 to the section states that cases are related if they occurred on a single occasion, were part of a common scheme or plan, or were consolidated for trial or sentencing. See United States v. Kinney, 915 F.2d 1471, 1472 (10th Cir.1990); United States v. Flores, 875 F.2d 1110, 1113 (5th Cir.1989). The 1973 and 1984 residential burglary convictions clearly are not related, and the sentences on those crimes are thus to be counted separately. Accordingly, both convictions are countable for purposes of determining career offender status. The fact that the sentence on one of those offenses was to run concurrently to the sentence on a third offense[2] is simply irrelevant because Herrera was convicted of two offenses that satisfy the Guidelines. See id. at 1114; see also United States v. Smith, 905 F.2d 1296, 1303 (9th Cir.1990).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Richard P. Matsch, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 4B1.2(1)(ii) provides that a crime of violence includes the burglary of a dwelling when punishable by an imprisonment for a term exceeding one year
 
 
 [2]
 The mere fact that the sentences on the two 1984 convictions were to run concurrently does not mean that those crimes were related within the meaning of the Guidelines. See United States v. Kinney, 915 F.2d 1471, 1472 (10th Cir.1990)