992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joshua Alan AVEN, Defendant-Appellant.
 No. 92-5058.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VAN BEBBER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 This is a direct appeal from a sentence imposed under the Federal Sentencing Guidelines.[1] See 18 U.S.C. § 3742. In 1991, defendant Joshua Alan Aven pleaded guilty to two counts of unauthorized use of access devices in violation of 18 U.S.C. § 1029(a). The charges arose from his unlawful use of several different credit cards. Based on the presentence report, the district court determined the total loss from the use of the cards to be $157,182.96. Defendant was sentenced to forty months' imprisonment on each count, to run concurrently, in addition to restitution and a period of supervised release.
 
 
 6
 On appeal, defendant argues the district court erred in determining the amount of loss, thus resulting in a significant increase in his base offense level under the guidelines. See U.S.S.G. § 2F1.1(b)(1). He also challenges the district court's conclusion that his four prior felony convictions were not "related cases" pursuant to U.S.S.G. § 4A1.2(a)(2). He maintains his criminal history points should be adjusted to reflect a three point increase for the prior convictions, rather than a twelve point increase. We address these arguments in turn.
 
 
 7
 We review the district court's loss calculation under the clearly erroneous standard. United States v. Abud-Sanchez, 973 F.2d 835, 838 (10th Cir.1992). Thus, we may reverse on this issue only if the court's conclusion is without factual support in the record or if we have a definite and firm conviction that a mistake was made. Id. We conclude that the court's determination, based on the presentence report, was not in error.
 
 
 8
 The loss calculation can be broken down into several component parts. Defendant does not dispute the $39,622.50 loss directly attributable to his use of the credit cards. He does challenge the district court's determination that $84,709.78 was lost as a consequence of his use of the cards to make down payments on several vehicles. The presentence report states defendant financed the remainder of the vehicle purchases, then defaulted on the loans. Defendant also takes issue with the probation department's assessment of a $31,578 loss resulting from equity skimming involving a 1988 Jeep and a 1989 Galaxie power boat.
 
 
 9
 Defendant obtained four vehicles during the period in question. In each case, he made a down payment, either on the credit cards or with cash, then financed the remainder. The $84,000 figure represents the balance of the various loans at repossession. Defendant maintains that this figure cannot represent the total loss because it was not adjusted to reflect the value of the vehicles at the time of repossession. He argues that the value of the vehicles should be subtracted. We disagree.
 
 
 10
 In recent years this court has spoken extensively on the proper analysis for determining loss under U.S.S.G. § 2F1.1.
 
 
 11
 Where the fraud results in actual loss within the definition provided by the commentary to Guidelines § 2B1.1, that value will be considered for purposes of enhancement under section 2F1.1. Where there is no such loss, or where actual loss is less than the loss the defendant intended to inflict, intended or probable loss may be considered.
 
 
 12
 United States v. Smith, 951 F.2d 1164, 1166 (10th Cir.1991); see also Abud-Sanchez, 973 F.2d at 838 ("Enhancement of a defendant's base offense level under section 2F1.1 may be based on either actual or intended loss, whichever is greater.").
 
 
 13
 The district court's assessment is not clearly erroneous when viewed in light of these cases. The $84,000 figure represents the probation department's calculation of intended loss. There is nothing in the record to suggest defendant ever had any intention of paying back the entities which financed these vehicles. Unlike those situations where a home was pledged as collateral for a fraudulently obtained loan and proper payments were made, this case presents strong facts suggesting that defendant's sole intention was to obtain the vehicles without paying for them. Thus, the district court did not err in determining this amount as the intended loss.
 
 
 14
 Likewise, there is support in the record for the district court's adoption of a $31,578 figure to reflect the loss attributable to the equity skimming venture.[2] Defendant leased the 1988 Jeep on two different occasions to individuals who made a down payment, then agreed to make monthly payments to defendant over a period of time. Although the lessees made the payments, defendant did not keep current with the underlying loan on the vehicle. There is no indication he ever intended to bring the loan current. The transaction involving the Galaxie power boat was similar. Although defendant made arrangements for the sale of the boat to a third party, he never made payment on the underlying loan. We agree with the district court that the intended loss figure of $31,578 is correct.
 
 
 15
 We now turn to defendant's challenge to his criminal history assessment. Our review of this factual question is under the clearly erroneous standard. United States v. Kinney, 915 F.2d 1471, 1472 (10th Cir.1990). Pursuant to U.S.S.G. § 4A1.1(a), three points are added to a defendant's criminal history score for every prior sentence exceeding one year and one month. Here, defendant had four prior state convictions arising from several incidents of drafting bogus checks. The convictions were combined for sentencing, however, and the sentences ran concurrently.
 
 
 16
 The addendum to the presentence report describes the prior convictions.
 
 
 17
 All of these crimes are separate criminal acts and in no way can be considered a single common scheme or plan. In fact, all of these crimes took place on separate dates, and involved different victims and bank accounts. Specifically, the conviction occurring on March 12, 1987, involved the First National Bank of Tulsa. The offenses resulting in a conviction on April 6, 1987, involved the Promenade National Bank. The cases resulting in a conviction on March 12, 1987, involved checks written off the Dallas International Bank, the Security Bank, and the Superior Federal Bank. The Arkansas conviction occurring on June 9, 1986, involved the Superior Federal Bank.
 
 
 18
 Rec.Vol. II, Addendum to Presentence Report at 3.[3] Defendant maintains these are related cases triggering only a single three point increase because they represent a continuing pattern of writing bogus checks and, therefore, involve a common scheme. We disagree.
 
 
 19
 These convictions occurred on different dates, involved different victims, and took place in two different states. The district court's conclusion that they are not related is not clearly erroneous. See Kinney, 915 F.2d at 1472. Moreover, this court has already determined that the imposition of concurrent sentences is not dispositive of this question. Id. at 1472-73. Consequently, we reject defendant's challenge to the criminal history calculation.
 
 
 20
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant was sentenced on February 11, 1991. On October 24, 1991, he filed a motion for leave to appeal out of time pursuant to 28 U.S.C. § 2255. The district court granted that motion on February 27, 1992. A timely notice of appeal was filed on March 5, 1992
 
 
 [2]
 The government maintains defendant waived certain objections to this calculation because he failed to raise them fully in the district court. We disagree. The addendum to the presentence report reveals defendant objected to this calculation in several places. See Rec.Vol. II, Addendum to the Presentence Report at 3, 5, 7
 
 
 [3]
 The presentence report reflects that the latter two convictions occurred on November 17, 1987, and February 28, 1988. This discrepancy does not change our analysis. See Rec.Vol. II, Presentence Report at 9