**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRYANE C. MENDENHALL,

    Defendant-Appellant.

No. 05-3215
(D.C. No. 04-CV-3371-SAC)
(D.C. No. 01-CR-40087-SAC)
(Kansas)

**ORDER**[*]

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Bryane C. Mendenhall, proceeding *pro se*, seeks a certificate of appealability (COA) to challenge the district court's denial of his petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We exercise jurisdiction under 28 U.S.C. § 2253(c)(1), and liberally construe Mr. Thomas' pleadings and submissions to this court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Because we do not find debatable the district court's resolution of Mr. Mendenhall's claims, we deny his application for a COA and dismiss his appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Mr. Mendenhall was sentenced as a career offender under U.S.S.G. §
4B1.1(a) after pleading guilty to two federal drug charges. On direct appeal, he
challenged the district court's application of the career offender provision,
asserting that his two prior state court convictions were related to one another and
should not have been counted separately to bring him within the ambit of
guideline section 4B1.1(a). We disagreed with Mr. Mendenhall's position and
affirmed the district court. *See United States v. Mendenhall*, 67 Fed. Appx. 565
(10th Cir. 2003).

In his § 2255 petition, Mr. Mendenhall presented the sole argument that the
sentencing court's application of the career offender provision violated his Sixth
Amendment rights pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and
*United States v. Booker*, 125 S. Ct. 738 (2005). The district court denied his
petition and did not rule on his application for a COA.

We may issue a COA only "if the applicant has made a substantial showing
of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner
satisfies this standard by demonstrating that jurists of reason could disagree with
the district court's resolution of his constitutional claims or that jurists could
conclude the issues presented are adequate to deserve encouragement to proceed
further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court
dismisses a habeas petition on procedural grounds, we may issue a COA only if
"jurists of reason would find it debatable whether the district court was correct in

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We must therefore review the claims in Mr. Mendenhall's habeas petition and make a general assessment of their merits. *Id.* at 336. However, we are not required to engage in a full inquiry as to the "factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Mr. Mendenhall is not required to prove the merits of his case to obtain a COA, but he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (internal quotations and citation omitted). With these principles in mind, we have carefully reviewed Mr. Mendenhall's brief, the record of these proceedings, and the district court's order.

The district court denied Mr. Mendenhall's motion on two different grounds. It first concluded that the sentencing court's use of the career offender provision did not violate Mr. Mendenhall's Sixth Amendment rights because *Booker* expressly confirmed the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. *See Booker*, 125 S. Ct. 765. Therefore, it was appropriate for the sentencing court to decide whether prior convictions were related for purposes of the career offender guideline.

The district court then noted that Mr. Mendenhall could not succeed on his petition in any event, because Sixth Amendment *Booker* claims can only be raised in "cases on direct review." *Booker*, 125 S. Ct. at 769. *See also United States v.*

-3-

*Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) (holding neither *Booker* nor *Blakely* can be applied retroactively); *United States v. Prince*, 400 F.3d 844, 849 (10th Cir. 2005) ("*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."). Therefore, the court held it could not retroactively apply the rule announced in *Booker* to Mr. Mendenhall's request for collateral review.

We have reviewed the district court's order in light of the standards laid out in *Miller-El*, and conclude that reasonable jurists would not find debatable the grounds upon which the court denied Mr. Mendenhall's motion. Accordingly, we **DENY** Mr. Mendenhall's request for a COA and **DISMISS** his appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge