13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Jairo ARANGO, Defendant-Appellant.
 No. 93-4029.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 1
 Before SEYMOUR and MOORE, Circuit Judges, and BROWN, District Judge.[2]
 
 ORDER AND JUDGMENT[1]
 
 2
 John Arango appeals the denial of his motion for a new trial. Finding no error, we affirm.
 
 
 3
 Jorge Rosales, Natalie Arango, and John Arango were arrested and charged with possession of cocaine with intent to distribute and conspiracy. Initially, Mario Cisneros attempted to represent all three of the defendants; however, the magistrate judge only permitted Mr.Cisneros to represent the Arangos, who are brother and sister. In turn, the district court was troubled by Mr. Cisneros' dual representation and appointed present counsel, Danny Quintana, for appellant John Arango. Mr. Cisneros remained counsel for Natalie Arango.
 
 
 4
 The case against the Arangos proceeded to trial.[3] While the jury was deliberating, it became apparent that Mr. Cisneros had a conflict of interest.[4] He told Mr. Quintana that one of his clients, who had been convicted of related charges in New Jersey, had a relationship with Mr. Rosales. According to Mr. Quintana, Mr. Cisneros also stated: "Quintana you don't know anything about this case. I represent all of these people." Mr. Cisneros' statements implied he also represented the individuals who had arranged the cocaine's transport.
 
 
 5
 After the jury returned guilty verdicts, both of the Arangos immediately petitioned the court for a new trial. Believing that Mr. Cisneros had a serious conflict of interest, the district court granted Natalie Arango's motion. In contrast, the court found John Arango had been represented for several months by counsel who had no conflict of interest. Consequently, the court denied defendant John Arango's motion for a new trial.
 
 
 6
 Mr. Arango appeals the denial of this motion. He asserts three grounds for his appeal: 1) Mr. Cisneros' conflict of interest denied him a fair trial; 2) Mr. Cisneros' incompetence prejudiced his defense; and 3) probable theft of contraband by law enforcement officers made the officers' testimony suspect and inadmissible.
 
 
 7
 Defendant first argues that since he and his sister offered the identical defense, Mr. Cisneros' conflict of interest necessarily affected both cases equally. See United States v. Echeles, 352 F.2d 892 (7th Cir.1965) (severance appropriate if single trial of several defendants defeats right to a fundamentally fair trial); see also Baty v. Balkcom, 661 F.2d 391, 392 (5th Cir.1981), cert. denied, 456 U.S. 1011 (1982) (joint representation of two defendants with inconsistent defenses violated Sixth Amendment). Accordingly, defendant maintains he is entitled to a new trial.
 
 
 8
 When a defendant alleges that a conflict of interest resulted in ineffective assistance of counsel, prejudice will be presumed if defendant can show the conflict of interest had an actual influence on the effectiveness of his representation. United States v. Martin, 965 F.2d 839, 842 (10th Cir.1992). Here, defendant has failed to demonstrate Mr. Cisneros' conflict prejudiced his defense. Since Mr. Arango cannot show that the conflict affected his own representation, the district court's ruling must be affirmed.
 
 
 9
 Defendant next argues Mr. Cisneros' incompetent representation deprived him of his right to a fair trial. Essentially, defendant asserts Mr. Cisneros sought to "throw the case" and thus protect his other clients. According to Mr. Arango, Mr. Cisneros failed to: prepare any trial exhibits; interview any witnesses prior to trial; formulate jury instructions; and, most importantly, provide effective assistance of counsel during the trial.
 
 
 10
 Not surprisingly, few courts have addressed this issue of "vicarious prejudice." The most recent case to examine a comparable situation comes from the Eighth Circuit. In United States v. Garrett, 961 F.2d 743 (8th Cir.1992), two defendants were jointly tried and convicted of drug and firearm offenses. Defendant Garrett filed a motion for mistrial or severance, claiming the actions of codefendant's counsel prejudiced his case.
 
 
 11
 In Garrett, codefendant's counsel filed untimely motions; engaged in noisy conversations with his client; failed to attend conferences with co-counsel and government counsel; left the courtroom prior to the jury's dismissal; and introduced incriminating testimony concerning Garrett while presenting codefendant's case. However, the Eighth Circuit found that since Garrett had failed to demonstrate any real prejudice, the district court had correctly denied Garrett's motion for a mistrial or for severance. See also United States v. Bubar, 567 F.2d 192 (2d Cir.), cert. denied, 434 U.S. 872 (1977).[5]
 
 
 12
 In this case, Mr. Quintana's performance as trial counsel has not been challenged. Indeed, the defendant cannot demonstrate Mr. Cisneros acted incompetently as the district court specifically found: "[a]side from the serious conflict of interest referred to above, Mr. Cisneros' performance as a lawyer at the trial of this case and in getting prepared therefor was not deficient under the standard required by Strickland v. Washington." Even if it were true that Mr. Cisneros attempted to "throw the defense," it is only surmise which supports the contention John Arango's defense was prejudiced by Mr. Cisneros' incompetence. The district court did not err in its disposition of this issue.
 
 
 13
 Finally, defendant contends the "probable theft" of 9 kilos of cocaine by law enforcement officers cast serious doubts on the validity of these officers' testimony. During the trial, Mr. Rosales stated he had loaded 100 kilos onto the truck. In addition, Mr. Rosales indicated 3 kilos had been left in the truck from a previous trip. However, the government only introduced 94 kilos of cocaine into evidence. As such, Mr. Arango concludes the missing kilos were stolen by law enforcement officials, and asks this court to hold the testimony of any law enforcement officer involved in the investigation be declared "suspect and inadmissible" until an independent inquiry can determine the whereabouts of the missing 9 kilos.
 
 
 14
 A discrepancy in weight is not enough to implicate due process. United States v. Molina-Cuartas, 952 F.2d 345 (10th Cir.1991), cert. denied, 112 S.Ct. 1698 (1992). Molina-Cuartas involved a discrepancy between the weight of the narcotics when seized and the weight of the narcotics when measured for sentencing purposes. While admonishing that "[w]e find this careless disregard for evidence preservation deplorable and suggest to the Government it should not allow this sort of disappearance to be repeated," we held absent a showing of bad faith "our hands are tied." Id. at 349-50.
 
 
 15
 We regard defendant's argument as the rankest of speculation. Because this issue was not raised during the presentation of testimony, there is no evidence to support or refute defendant's contention. At best, it is merely unclear how much cocaine was originally seized by the authorities. However, even if 9 kilos are missing, defendant has failed to offer any evidence of bad faith. Therefore, defendant is not entitled to a new trial on this basis.
 
 
 16
 AFFIRMED.
 
 
 
 [2]
 The Honorable Wesley E. Brown, Senior District Judge for the United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [3]
 Unfortunately for the Arangos, Jorge Rosales cooperated with the government and became the prosecution's star witness
 
 
 [4]
 Even the government filed a sealed document indicating Cisneros had a serious conflict
 
 
 [5]
 In a similar vein, we held in United States v. Roberts, 583 F.2d 1173 (10th Cir.1978), cert. denied, 439 U.S. 1080 (1979), the trial judge did not abuse his discretion in refusing to grant the defendant a new trial on the basis that his codefendant's counsel made unduly prejudicial remarks in closing argument