F I L E D
United States Court of Appeals
Tenth Circuit

SEP 23 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DALLAS EARL SCOTT,

Defendant-Appellant.

Case No. 97-3025

(D.C. 93-CV-3436)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pro se defendant-appellant Dallas Earl Scott appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Also before the court is Mr. Scott's application for a certificate of appealability. We deny Mr. Scott a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability, and dismiss the appeal.[1]

Mr. Scott is a federal prisoner serving multiple consecutive sentences including an 18-year sentence for robbing a federally insured institution with a handgun, which was discharged during the offense, and a 5-year sentence for felon in possession of a firearm. In 1988, while in Leavenworth Federal Penitentiary serving these two sentences, Mr. Scott was charged and convicted in a 15-count indictment for conspiracy to distribute heroin into a federal penitentiary and 14 counts of using a facility of interstate commerce, i.e., a telephone, in committing the offense. Mr. Scott was then sentenced to a term of 210 months on the first count and 48 months on each of the other 14 counts, all to be served concurrently. The court also ordered that Mr. Scott's sentence for these offenses would run consecutively to his two previous sentences.

In his § 2255 motion, Mr. Scott argues that he should be resentenced with regard to his 15-count conviction because the sentencing judge mistakenly believed that he was not authorized to sentence him to a concurrent sentence and that the judge failed to set

---

[1] Generally, we may not consider issues in a § 2255 motion that should have been raised on direct appeal absent a showing of cause for the default and prejudice therefrom, or that manifest injustice will result if the claim is barred. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). In the present case, however, the government did not raise procedural bar, and the district court proceeded directly to the merits of Mr. Scott's motion. Thus, the issue has been waived. See United States v. Hall, 843 F.2d 408, 410 (10th Cir. 1988). Although we have the authority to raise this issue sua sponte if the record supports such a determination, see Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992), we need not do so here because, even assuming that Mr. Scott's motion is not procedurally barred, his claims fail on their merits.

forth the methodology contained in the commentary to Sentencing Guideline § 5G1.3(c) with regard to determining whether a concurrent sentence was appropriate. The district court--speaking through the same judge who sentenced Mr. Scott on the 15-count conviction--denied Mr. Scott's motion.

In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). As the district court pointed out, at the time Mr. Scott was sentenced there was a disparity in the language of the Sentencing Guidelines and the United States Code concerning whether a prisoner who commits an offense should be sentenced to concurrent or consecutive terms of imprisonment. Compare U.S. Sentencing Guidelines Manual § 5G1.3 (1989) ("If the instant offense was committed while the defendant was serving a term of imprisonment, . . . the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment."), with 18 U.S.C. § 3584(a) (1984) ("if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively"). In 1991, we harmonized this disparity in holding that, "when an offense is committed during the term of a previously imposed sentence, the new sentence must run consecutively to the old unless the court determines that Guideline departure is appropriate." United States v. Shewmaker, 936 F.2d 1124, 1128 (10th Cir. 1991).

Mr. Scott first argues that he should be resentenced because the judge erroneously

interpreted the applicable law as limiting the judge's authority to sentence Mr. Scott to anything other than consecutive terms. Specifically, Mr. Scott refers to the following exchange which occurred during sentencing:

| | |
|---|---|
| Defendant Scott: | Your Honor, is this term to run concurrent with the term I am serving now? |
| The Court: | I think that it will be served consecutively to any term you're serving now. |
| Defendant Scott: | Isn't it up to the Court to stipulate -- |
| The Court: | Not under the guidelines, and I would not choose to -- |
| Defendant Scott: | Who would determine that? |
| The Court: | The Bureau of [P]risons. |

Supl. Rec. vol. I, doc. 155 at 3 (Government's response to defendant's 2255 motion dated Dec. 2, 1996).

This court has held that we will remand a sentencing judge's discretionary decision to impose consecutive or concurrent terms of imprisonment for resentencing "only where 'the judge's language unambiguously states that [he] does not believe he has authority' to sentence concurrently." United States v. Mihaly, 67 F.3d 894, 897 (10th Cir. 1995) (quoting United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994)), cert. denied, 117 S. Ct. 374 (1996). While we conclude that the sentencing judge in this instance did not "unambiguously" state that he did not have discretion to sentence Mr. Scott to concurrent terms, even assuming that such language was "ambiguous", we hold that the district judge reviewing Mr. Scott's § 2255 motion adequately clarified this language by elaborating on what he meant when he originally sentenced Mr. Scott.

Relying on our holding in United States v. Fox, 930 F.2d 820, 824 (10th Cir.

4

1991), where we remanded an ambiguous statement to a sentencing judge for clarification, the district judge here revisited his original statement at Mr. Scott's sentencing and set forth in more detail what he intended to say before Mr. Scott interrupted him. The district judge added the following to his original statement:

> Not under the guidelines, and I would not chose to <u>impose concurrent sentences in this case even if I had the authority to do so. After considering the various sentencing factors such as the nature and circumstances of the offense and the history and characteristics of the defendant, the court simply believes that concurrent sentences would be inappropriate in this case</u>.

Rec. vol. I, doc. 158 at 5 (Dist. Ct. Order at 5) (supplemental remarks underlined).

Given this clarification by the district judge, who was in the unique position of having served as the sentencing judge, we conclude that any ambiguity in the sentencing statement was resolved such that it is clear that the judge understood that he had discretion to sentence Mr. Scott to concurrent terms but chose not to do so in this instance. Accordingly, we find no reason to remand this case for resentencing.

Mr. Scott's second argument is that the sentencing judge erred in failing to follow the methodology set forth in the commentary to Sentencing Guidelines § 5G1.3(c) in determining whether to sentence him to a concurrent or consecutive term. This argument fails for two principal reasons. First, the methodology set forth in the commentary to § 5G1.3(c) provides that these factors are only to be considered in cases not covered under § 5G1.3(a) or (b). <u>See</u> U.S. Sentencing Guidelines Manual § 5G1.3, commentary n. 3 (1995). Because Mr. Scott was serving a prison term at the time of his sentencing and is

therefore covered under subsection (a), the factors contained in the commentary to subsection (c) do not apply. Second, and more importantly, the methodology set forth under § 5G1.3(c) did not exist at the time Mr. Scott was sentenced and therefore could not have been applied by the sentencing judge. See U.S. Sentencing Guidelines Manual § 5G1.3 (1989). Here, the district judge adequately explained after the fact that "the nature and circumstances of the offense and the history and characteristics of the defendant" did not warrant concurrent sentences. Rec. vol. I, doc. 158 at 5 (Dist. Ct. Order at 5). We hold that this reasoning was adequate. See Mihaly, 67 F.3d at 896 ("We do not ordinarily require a district court imposing consecutive sentences to make a finding that a departure is inappropriate.").

For the foregoing reasons, we DENY Mr. Scott's application for a certificate of appealability and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

6